OPINION of the Court, by
Ch. J. Boyie.
This Was an ejectment brought by Phillips against Rothwell, to Recover tlfe possession of a lot in the town of Louisville. The record presents several points. The first we shall *34 notice grows out of the refusal of the court below 10 in ■ struct the jury that the defendant could not controvert the title of the plaintiff.
So if the ce-"red ofbaf am and faie to ano. ther in fee, the alienee would condition than the tenant, and could not con-by "which 'the tenant entered,
Jt appeared that the defendant claimed the lot by a ^ec<^ of bargain and sale from one Harrison, who it was proved had acquired the possession as tenant to the plain-tiff; and the instruction asked for was predicated upon |]ie hypothesis that the jury should believe that he so held the lot when he sold to the defendant. That Harrisoit could not in such case have controverted the title of the plaintiff, is perfectly clear. Having entered and held under the plaintiff, he would, according to the well set-tied doctrine of the common law, which has been repeatedly recognized by this court, be precluded from setting up any adverse, title.
As the defendant acquired the possession under Harrison, the natural and just conclusion would seam to he, that he could stand on no other or better ground. To permit him to do so, would tend to facilitate the fraud which the doctrine prohibiting the tenant from disputing his lessor’s title is intended to prevent.
It was supposed in the argument, that the conveyance from Harrison operated as a disseisin of the plaintiff, and that the defendant’s possession was adverse. Were this doctrine admitted to be correct, the conclusion would hot follow that he might controvert the title of the plaintiff.
There is no doubt if the lessee after his tei'm expires resists the entry of his lessor, that the latter may treat him as a disseiser; and yet it is clear he cannot in such a case dispute his lessor’s title. — 'See the case of M’Clelland vs. Sprigg, 3 vol. 266.
But the doctrine that the deed from Harrison to the defendant operates as a disseisin, cannot he admitted. It is true that a feoffment, fine, or a recovery to a stranger, would at common law create a forfeiture of the lessee’s term, and render Mm and his feoffee, Ac. liable to be-treated as disseisers 5 but a conveyance by deed of bargain and sale, or other conveyance operating by virtue of the statute of uses, creates no forfeiture — Co. Litt. 233 (note l). Such a conveyance does not operate, as a conveyance at common law would, to transfer a wrongful estate in fee, hut to transfer such interest only as the bargainee might rightfully part with. Where the lessee’s term had not expired, the entry of his bargainee. *35 would therefore be eongealle, and when he entered he \yould be in of the estate the lessee had in the premises. He would in effect and in law, therefore, be tine Aere as-signee of the term., liable as such to all the covenants which run with the land, and in all respects stand in the place of the lessee.
We are therefore of opinion the court below erred in not instructing the jury that the defendant could not dispute the plaintiff's title, and the judgment on this ground must be reversed.
The other points seem unnecessary to be decided, as they grow out of the adverse title set up by the defen-, dant,--Judgment reversed,