Chief Justice Robertson
delivered the Opinion of the Court.
This is an action of ejectment for a lot in the town of Port William, claimed by the lessor (plaintiff in error,) under a deed from one Gatewood, in 1830.
rant was in possession of the lot, in 1811, “ claiming by 7 7 A 7 ,. _ _ __ . purchase, under Gatewood ; ana that Tarrant transferred After a regular deduction of title from the trustees to Gatewood had been shewn, the record states, that evidence was introduced conducing to prove, that one Tar-the possession to Lance; and Lance to Chipp, and Chipp to one Searcy.
*518 If was also proved, that Searcy, being still in the possession of the lot, in 1821, it was sold in virtue of an execution against him, and was purchased by the defendants, to whom a conveyance was made by the officer who sold it ; and that the defendants had retained the actual possession ever since, claiming to hold “ adversely to the world,” and were in the possession at the date of Gatewood’s deed to the lessor, Craig.
Upon that proof the circuit court instructed the jury that, if they believed that the defendants were in the adverse possession of the lot at the date of Gatewood’s deed to Craig, they should find for them ; and thereupon verdict and judgment were rendered lor the deieud-ants
Whether the facts which were proved authorized the verdict, is the only question to be considered by this court. '
If it be admitted that, according to the case of Phillips vs. Rothwell, 4 Bibb, 34, the defendants, though they had a deed, could not have been permitted to hold otherwise than as Searcy (whose title they bought) held, or should be presumed to have held, at the time of the sale under execution, still we are of the opinion' that, however the probabilities might preponderate, the jury had a right to infer, that Searcy held adversely to the title of Gate-wood. Had it been proved, that Searcy entered as the quasi tenant of Gatewood, by: executory contract of purchase, then, although a jury may be allowed to infer the, execution of a conveyance from facts which would not create a “ legdl presumption” of a deed, nevertheless the lapse of nineteen years, without any other circumstance, would not have authorized sucha deduction by the jury.
But the facts do not necessarily prove that Tarrant .entered under an executory contract. It was incumbent on the plaintiff to shew, that Tarrant entered as a tenant, or in virtue of an executory agreement, before he could shew that he had been estopped to hold or, claim adyersely to Gatewood. Evidence conducing to prove that Tarrant claimed to hold by purchase,” does not prove conclusively' that he entered imde'r an executory agreement. And it is not material to enquire whether *519 the word purchase, as thus used, would be merely interpreted according to its technical or its popular import ; because, we think that the jury had a right to infer, in the absence of proof to the contrary, that Tarrant claimed and held the lot as his own, under an executed contract of purchase. If he claimed to hold independently of Gatewood, (and he had a right to do so unless he looked to Gatewood for a title,) the jury had a right to infer that he did hold, and had a right to hold, adversely, unless there had been proof of some estoppel — such, for example, as the fact that he entered as the tenant, or quasi tenant, of Gatewood. The proof of that fact devolved on the plaintiff, and, as already suggested, whatever may be the preponderating tendency of the testimony, it does not prove, that Tarrant entered as Gatewood’s tenant, or that he entered under an executory agreement of purchase. And the jury had a right to find that his possession was, both in fact and in law, adverse, or under a legal title acquired from Gatewood “ by purchase.'” And if his possession was adverse, that of the defendants was, a fortiori, adverse, at the date of the deed to
Wherefore, the judgment must be affirmed.