Judge Marshall
delivered the Opinion of the Court.
This was an action of ejectment brought upon the joint •and several demise of Price and other's, to recover a tract of land in the possession of Hargis. A verdict and judgment were rendered for the plaintiff, and the defendant’s motion for anew trial having been overruled, he prosecutes a writ of error,
The grounds upon which a new trial was asked werei first-—that the verdict was contrary to evidence; second— that the defendant had discovered important evidence during the trial, and too late for him to produce it before the jury had retired; and third—that he was surprised by the production of a record, as evidence on the part of the plaintiff. The two grounds of discovery and surprise were supported by affidavit; but the efficacy of the third ground having been destroyed by a counter affidavit, that ground has been properly abandoned in this Court, and will not be further noticed,
On the trial, neither party exhibited any paper title; and the plaintiff seems to have rested his right to recover on the ground, that Jourdan Clay, from whom, after several mesne transfers, the defendant derived the possession, was the tenant of Price, one of the lessors of the plaintiff. There is evidence in the cause, from which the jury were authorized to infer this fact; gnd. *80 as it is very palpable, that the defendant and those under whom he claims have disclaimed the tenancy, with-; out ever having restored the possession to Price, no notice was necessary, to authorize a recovery by the plaintiff.
An affidavit not evidence against the pltf—though found in a record read by him, being ex parte, and by a witness in the suit on trial.
A witness on the trial of an ejectment, stated that he had recovered the possession from the lessors, -.and sold it to one tinder whom defendant claimed; Which evidence was excluded, for want of the record; verdict for pltf cfo; dei’t moves for a new trial, swearing, (as one ground,) that he never knew of that recovery till it was spoken of by the witness; that he had been but few years in the coun try; that he had found those he purchased of in quiet possession, and there was qothing to direct his attention to the record,which vyas in another county : held, that tho’ these facts hardly ajnount to sufficient diligence, ■yet a new trial gnighj h^ye bge^ no^earea-^but the ’inference ^“^“ev^enee* 'is that the record tSTdefenl dant, andhefeiiq wouldW operate fw ilim>tha neW The bare produced, mighf he!pí11I"— snlhcient, '
*80 The affidavit of Clay, though contained in a record read by Price, on this trial, is not 'evidence, as against Price, of his having transferred his right to another; because it is ex parte, and because Olay, the affiant, was present as-a witness on this trial, and if it were evidence to any extent, it was not conclusive, as insisted on, and there are circumstances in the case which authorized the jury to disregard it. We cannot therefore pronounce the verdict to be contrary to the evidence. ■
Second, The second ground for a new trial, was the alleged discovery of the existence of a record of a writ of forcible entry and detainer, in which the possession of the land in contest is said to have been recovered from Price and Clay by Stephen Ratliff, a witness in the case; who says that, after the recovery, he sold the posses-; gion to Clay, from whom it was continued down to the defendant. The evidence in relation to this recovery was excluded from the jury, because the record was not produced. The defendant swears that, he had never heard of the recovery, or the record, until it was mentioned by the witnesses on the trial; and as the record appeared to be in another county, at a considerable.distance from the place of trial, it is sufficiently apparent that it could not have been procured in time to be used, after the discovery was made. The defendant also states, as an excuse for being ignorant of its existence before, that he had been but a few years in the country; had bought the land from persons who were and had been in peaceable possession, and had nothing to direct his attention to the records of another county as containing any matters relating to this land. But as he has shown no other evidence of title, either in himself or those from whom he purchased, except possession, it would seem to have been incumbent on him to trace the possession back for twenty years, if h_e really sup.-; *81 posed he was buying a fee simple title, and in doing sp, he might and probably would have heard of this recovpry, which, if it occurred as represented, took place within that period. He would also have discovered that, within twenty years, the land had been in possession of Price’s tenants, and it was his duty to know how that possession afterwards became adverse. Under this view of tiie matter, we think the defendant has scarcely made out a sufficient excuse for iiot having heard of this record, which he now seems to consider as constituting an important link in the chain of title or possession under which he claims.. Neyertheless, as it appears that those under whom the defendant claims had m tact been m possession some years, without molestation or ciaim on the part of Price, we should be disposed to think that, although he had not used all the .diligence which the nature .of his ’ purchase and the • • r u- J r ■ • ■ ' •• , , . exigencies pi his defence m this suit required, yet his laches, undpr the circumstances, w.ere not go great as of themselves to deprive him of a new trial on the ground of this discovery. But we are not able to perceive, from the statement of the witnesses, or of the defen? .dant himself, in relation to the contents of this record, that its production will be of any benefit to him on .another trial.
Stephen Ratliff, who says he was the plaintiff in the writ of forcible ejitry and detainer by which Price and. Clay were turned .out of possession, also proves that, a short time before this proceeding, he was himself in possession of the land as Price’s tenant, under a lease, the duration of which he does not state, and that when he left it he still claimed the right of possession. Shortly afterwards, Price entered on the place, but did no.i live on it, and about the same time or soon after, Clay entered, claiming under another person. Price evicted him by writ of forcible entry and detainer; and after this, Ratliff says he turned them both out by similar proceeding; The only inference which we can draw from these facts, is that the recovery of Ratliff was founded upon his possession under the lease from Price, which may not haye expired, although he left the place, *82 and that the entry of Price and Clay was held to be n forcible entry upon that possession; that, by the recovery, Ratliff was in as of his former possession as tenant to Price, and that Clay and his transferees, who derived the possession from him, held it of necessity under the same conditions which bound him, and were equally under obligation to restore it, in due time, to Price, and to-be faithful to his title. Phillips vs. Rothwell, 4 Bibb, 33.
Ratliff, it is true, states also, that he had purchased the possession from a Mr. Venters, who is proved to have acquired it by regular and continued succession from the first settler. But the date of this alleged purchase is during the same year that he was on the place as Price’s tenant; and it appears that, Price had previously purchased and acquired the possession from the same Mr. Venters. Besides, the fact of taking the" lease was an acknowledgment of Price’s right, and precluded Ratliff from setting up an adverse title until he restored the possession. But whichever had the best right under Venters, the plaintiff in the writ of forcible entry and detainer could only have recovered on the ground of having been in possession; and as Ratliff’s previous possession was certainly held as tenant to Price, his possession under the recovery must have been in the same character.
' We are, therefore, of opinion that, the record, so far as it is explained in this case, would operate against th© defendant in the action, by showing, more clearly than it is shown by the other evidence, that his possession is the possession of Price; and the bare possibility that something might be mad© out of the record, different from that which is now stated in relation to it, is no sufficient ground for setting aside the verdict of the jury. What we have said on this subject, is a sufficient answer to the assignment of error which questions the propriety of excluding the parol evidence in relation to the alleged recovery by Ratliff. Since, whether that exclusion was right or wrong, it was not. injurious to the defendant.
. We are of opinion that, the record exhibits no error prejudicial to the plaintiff in error, and the judgment' h therefore affirmed.